DUPLANTIER, Judge.
The issues in this second appeal in this litigation between former spouse are more difficult to state than to resolve.
Plaintiff, Mrs. Clay, initiated the proceedings by suing her “husband” for divorce. In exceptions, answer, and reconventional demand, Mr. Clay pleaded, as a bar to Louisiana divorce suit, a prior decree of divorce between the parties in Nevada. Duly certified copies of the Nevada divorce decree were attached to his pleadings. On a prior appeal, this court affirmed the trial court’s dismissal (on exceptions) of Mrs. Clay’s divorce suit, upholding Mr. Clay’s contention that the Nevada decree was entitled to full faith and credit.[1]
Mrs. Clay thereafter filed a “rule for . executory judgment for back due alimony,” based upon the alimony provisions contained in the same Nevada divorce decree. Mr. Clay filed an answer to the rule, and later by separate “amending and supplemental petition”, Mr. Clay obtained an ex parte order appointing a notary public and appraisers to inventory the community assets. Mrs. Clay then filed a rule to revoke that ex parte order on the ground that there was included as part of the Nevada divorce decree a community property settlement agreement between the parties.
The trial court rendered separate judgments, both in favor of Mrs. Clay, one awarding her an executory judgment for past due alimony in the amount of $25,350, and the other revoking the ex parte order appointing the notary and appraisers to make the inventory.
Mr. Clay appealed from both of those judgments. We dismiss the appeal from the judgment revoking the inventory order and affirm the executory judgment for past due alimony.
The appeal from the judgment revoking the earlier ex parte order with respect to the inventory is dismissed because it is not a final judgment, cannot cause irreparable injury, and is therefore not ap-pealable (C.C.P. Arts. 2083 and 2162).
Appellant’s sole complaint with respect to the executory judgment for past due alimony based upon the Nevada decree is that appellee had not previously filed an ordinary proceeding to have the Nevada decree recognized and made the judgment of the Louisiana court, as required by C.C.P. Art. 2541.
Mr. Clay, having urged successfully the validity in Louisiana of the Nevada decree as a bar to his wife’s Louisiana divorce action, cannot now contend that she must first file an ordinary action against him to have that same Nevada decree recognized in Louisiana before she can enforce those parts of it upon which she now relies. The sole issue in an action such as required by C.C.P. Art. 2541, is whether the decree of the other state is entitled to full faith and credit, an issue already litigated at Mr. Clay’s instance and in his favor.
Moreover, there is no doubt that Mrs. Clay’s rule to make executory the past due alimony as provided for in the Nevada decree is a “proceeding ... to have the . decree recognized and made the judgment of the Louisiana court” (C.C.P. Art. 2541). While Mr. Clay is correct that it is not an “ordinary proceeding”, as required by C.C.P. Art. 2541, that issue is raised for the first time on appeal. The objection of improper use of summary procedure is waived unless timely filed in a dilatory exception in the trial court (C.C.P. Art. 926).
In the hope of avoiding further unnecessary litigation between these former spouses, we emphasize that the effect of the proceedings between them to date is that the Nevada decree in its entirety has been recognized and made the judgment of the Civil District Court for the Parish of Orleans.
The appeal from the judgment revoking the order of appointment of a notary public is dismissed; the appeal from the judgment making past due alimony executory is affirmed; all at appellant’s cost.
*430 APPEAL DISMISSED IN PART; AFFIRMED IN PART.

. Clay v. Clay, 322 So.2d 238 (La.App., 4 Cir. 1975), writs refused, 325 So.2d 576 (La.1976).